UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBORAH THOMAS, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-00173 |
| § | |
| TRUSTMARK CORPORATION, ET § | |
| AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are competing motions for summary judgment addressing the standard by which I should review the denial of the ERISA benefits claim at issue in this case. Plaintiff Deborah Thomas ("Thomas") contends that the benefits denial should be reviewed *de novo*. *See* Dkt. 32. Defendant Nationwide Life Insurance Company ("Nationwide"), on the other hand, maintains that I should review the denial of benefits for abuse of discretion. *See* Dkt. 38. After carefully reviewing the summary judgment briefing and the applicable case law, I conclude that Nationwide's eligibility determination should be reviewed *de novo*.

### BACKGROUND

Thomas works for Trustmark Corporation, and is a participant in an ERISA-covered employee benefit plan. The plan, through an insurance policy issued by Nationwide, provides benefits in the event of a spouse's accidental death. On February 15, 2018, Thomas's husband passed away. Thomas sought benefits under

the plan, claiming that her husband died by accident. After an investigation into her husband's death, Nationwide denied benefits based on the determination that sickness, disease, or body infirmity were, in part, contributing factors of his death. Dissatisfied with Nationwide's decision, Thomas filed the instant lawsuit seeking to recover the benefits she claims Nationwide unlawfully withheld.

## ANALYSIS

The standard of judicial review applied to an ERISA denial of benefits claim hinges on whether the benefit plan at issue vests the administrator or fiduciary with discretionary authority. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If an ERISA plan delegates discretionary authority to the plan administrator, a reviewing court is limited to assessing whether the administrator abused that discretion. *See id.* If, on the other hand, the plan does not give the administrator discretionary authority, the denial of benefits must be reviewed under a *de novo* standard. *See id. See also Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 247 (5th Cir. 2018). "The practical significance of *de novo* judicial review, as opposed to a more deferential standard, is that a federal court is more likely to disagree with a fiduciary's benefit determination." *Cathey v. Dow Chem. Co. Med. Care Program*, 907 F.2d 554, 558 (5th Cir. 1990).

Before I examine the plan's terms, let me note that the Fifth Circuit does not require the use of specific language, or so-called "magic words," to delegate discretion to the plan administrator. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636–37 (5th Cir. 1992) ("[W]e have not imposed a linguistic template; we read

2

a plan as a whole to determine if, in our judgment, it" gives the administrator the authority to construe plan terms.). Although no specific words or phrases are required to confer discretion on a plan administrator, the grant of discretionary authority must be unmistakable. *See Cathey*, 907 F.2d at 559. Importantly, discretionary authority cannot be merely implied from the plan. *See id.*

Focusing my attention on a section of the policy titled "Time of Payment of Claims," Nationwide contends that it possessed discretion to determine eligibility for benefits. That section provides as follows:

> If a claim is not denied for *valid and proper reasons* by the end of the applicable time period prescribed in this provision, [Nationwide] will pay interest on accrued benefits at the rate of 1½ % per month or as required by law until the claim is finally settled or adjudicated.

Dkt. 29-2 at 7 (emphasis added). According to Nationwide, this "valid and proper reasons" language demonstrates that it retained the discretionary authority to make claim determinations. Thomas summarily dismisses Nationwide's position, claiming that the policy fails to expressly and unambiguously confer discretionary authority on Nationwide. I agree with Thomas. The "valid and proper reasons" language is far from definitive. While one person might view such language as giving Nationwide discretionary decision-making authority in deciding the entitlement to benefits, another rational individual might reach the exact opposite conclusion. As Thomas notes:

> the phrase is simply stated as a condition precedent to the payment of interest under the heading TIME OF PAYMENT OF CLAIMS. It does not even speak to the idea of proof, or the discretionary power to

> determine the adequacy of factual proof or construe the terms of its policy in deciding claims.

Dkt. 39 at 6.

On multiple occasions over the years, the Fifth Circuit has examined ERISA plan language that it found sufficient to grant discretionary authority to a plan administrator or fiduciary. In those cases, the plan language plainly and unambiguously vested discretion in the administrator. In *Lowry v. Bankers Life & Casualty Retirement Plan*, for example, an ERISA retirement plan conferred upon the administrator the power "to determine all questions arising in the administration of the Plan, including the power to determine the rights or eligibility of Employees and Participants and their beneficiaries, and the amounts of their respective interests." 871 F.2d 522, 524 (5th Cir. 1989) (internal quotation marks omitted). In another case, the Fifth Circuit concluded that a plan vested discretionary authority in the fiduciary when the instrument provided that the fiduciary shall "have full and exclusive authority to determine all questions of coverage and eligibility." *Batchelor v. Int'l Bhd. of Elec. Workers Local 861 Pension & Ret. Fund*, 877 F.2d 441, 443 (5th Cir. 1989). Finally, in *Wildbur*, plan language stating that the administrator "shall make an independent determination of the applicant's eligibility for benefits under the Plan" clearly expressed, in the eyes of the Fifth Circuit, the discretion of the plan administrator to determine eligibility. 974 F.2d at 636–37. "Significantly, the express language in those instruments is

4

unambiguous in its design to grant discretion regarding entitlements to the fiduciary or administrator." *Cathey*, 907 F.2d at 559.

Compare the broad and unmistakable language in those Fifth Circuit cases with the "valid and proper reasons" provision at issue here. The differences are stark. It can hardly be said that the language in the Nationwide policy unambiguously confers discretion on the plan administrator. In my view, "the breadth of the administrators' power [and the] authority of the administrator to determine eligibility," is far from certain after reviewing the "valid and proper reasons" clause. *Wildbur*, 974 F.2d at 637 (quotation omitted). To the extent there is any ambiguity in an ERISA plan, it must be construed against the drafter of the plan. *See Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 727 (5th Cir. 2017) ("If the policy language is ambiguous, then the court should construe the policy against the drafter."). This obviously mitigates against an expansive finding that the policy should be read to confer discretion on Nationwide. Although, as I have already observed, no magic words are required to confer discretionary authority, Nationwide could have easily included obvious and understandable language establishing a plan administrator's "broad, unchanneled discretion to deny claims." *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 637 (7th Cir. 2005) (quotation omitted). Truth be told, "it is not difficult to craft clear language granting discretion to a plan administrator." *Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 168 (4th Cir. 2013) (quotation omitted). Nationwide's failure to include in the policy clear language conveying discretionary authority to the plan

5

administrator strongly weighs against a finding that discretionary authority has, in fact, been passed onto the plan administrator. *See id.* at 167 (explaining that "without clear language notifying employees that an administrator's denial of benefits is insulated from plenary judicial review, employees who file claims for benefits may not be fully aware of the gravity of administrative proceedings or the necessity of developing as complete a record as possible early in the claims process").

In arguing that it retained discretion to make claim determinations, Nationwide also points to several other policy provisions. In the Loss of Use/Paralysis Benefit section and the Severe Burn Benefit section, the policy states that Nationwide "has a right, at its own expense, to have the determination verified by a *Physician* of the Company's Choice." Dkt. 29-1 at 18, 22. And in the Coma Benefit section, the policy provides that Nationwide "reserves the right...to determine on the basis of all the facts and circumstances that the *Covered Person* is in a coma." *Id.* at 12. Far from demonstrating that the plan administrator has unfettered discretion to make eligibility determinations, the cited provisions are restricted to paralysis benefits, severe burn benefits, and coma benefits—none of which are at issue here. Moreover, the language indicating that Nationwide "has a right, at its own expense, to have the determination verified by a *Physician*" does not convince me that the company also enjoys discretion to determine eligibility benefits. Dkt. 29-1 at 22. As was the case with the "valid and proper reasons" clause, this language "cannot be read as granting discretion expressly." *Cathey*, 907 F.2d at 560.

In sum, I do not believe the policy as a whole includes language sufficient to put claimants on notice that Nationwide retains discretionary authority to make eligibility determinations. As a result, I conclude that any determination of benefits in this matter must be conducted *de novo*. *See Bruch*, 489 U.S. at 115.

## CONCLUSION

I recommend that Plaintiff's Motion for Summary Judgment on the Issue of Discretionary Authority (Dkt. 32) be **GRANTED**, and Defendant Nationwide Life Insurance Company's Motion for Summary Judgment on Standard of Review (Dkt. 38) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 19th day of January 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE